# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**TOMMY WHITE, SR.**  PLAINTIFF

V.  NO. 3:09CV0058-M-D

**MCCF, et al.**  DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that was denied medication for an unspecified condition. Specifically, the Plaintiff explains that he was attending church on May 17, 2009, during "pill call." The call, however, was not announced in church. Despite the Plaintiff's excuse, Defendant Nurse Gale refused to provide the Plaintiff his medication. Defendant Sargent Pete became aware of the situation and discussed the matter with Defendant Chief Bourland. Defendant Bourland upheld Nurse Gale's decision. The Plaintiff contends that Defendant Bourland agreed with Nurse Gale out of retaliation for a previously filed civil suit.[1]

### Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal

---

[1] The Plaintiff's complaint does not include any request for relief.

law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" does not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admitted that he was in church and that the Defendants did not interrupt church to announce "pill call." The allegations are simply inadequate to prove that the Defendants acted with deliberate indifference towards the Plaintiff's health or safety. The Plaintiff's allegations of being denied unidentified medication on one occasion is at best negligence which is plainly insufficient to state a claim for relief. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Additionally, there is nothing to suggest that the Plaintiff has suffered any substantial harm or injury as a result of being denied medication on this one occasion. *See McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) ("deliberate indifference to serious medical needs encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind"); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (failure to allege substantial harm arising from a delay in medical treatment is fatal to a deliberate indifference claim); *Haddix v. Kerss*, No. 04-41636, 203 Fed. Appx. 551, 553 (5th Cir. 2006) (affirming dismissal of a complaint alleging occasional denial

of medication); *Henry v. Holliday*, No. 05-30381, 176 Fed. Appx. 611 (5th Cir. 2006) (the plaintiff's allegation that several prison officials had failed to fill a prescription within three days was insufficient to state a deliberate-indifference claim). Thus, the Plaintiff's denial of medical attention claim shall be dismissed.

**Retaliation**

To state a claim for retaliation under § 1983, a plaintiff must allege (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercise of that right; (3) a retaliatory adverse act; and, (4) causation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). An inmate must allege more than *de minimis* retaliation to proceed with a claim. *Morris v. Powell*, 449 F.3d 682, 684-85 (5th Cir. 2006). A single incident involving a minor sanction, is insufficient to prove retaliation. *Id.* at 685 (citing *Gibbs v. Kings*, 779 F.2d 1040, 1046 (5th Cir. 1986)).

The Plaintiff alleges that Defendant Chief Bourland upheld Nurse Gale's decision not to administer the medication after "pill call" in retaliation for being named as a defendant in another civil matter. The complaint includes no facts supporting the retaliation claim. The Plaintiff offers nothing more than his conclusory allegation that he was denied medication on this one occasion in retaliation for a prior civil suit. An inmate's personal belief that he is a victim of retaliation is not sufficient to support a claim. *Jones*, 188 F.3d at 325. Conclusory allegations are also insufficient to establish a claim of retaliation. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *see also Allen v. Morgan*, No. 02-30864, 66 Fed. Appx. 526 (5th Cir. 2003) (the plaintiff failed to state a claim when he did not allege a chronology of events from which retaliation could be inferred).

Likewise, even if the Plaintiff had adequately alleged facts from which retaliation might reasonably be inferred, his claim would fail. According to the pleadings, the Plaintiff missed pill call

on one occasion. The Plaintiff does not allege he has suffered any injury or harm as a result of missing one dose of medication. The court cannot hold that the conduct of the Defendants which resulted in the Plaintiff being denied medication for one day is more than *de minimis* retaliation. In other words, the Defendants' conduct would not deter a prisoner of ordinary firmness from further exercising his constitutional rights. The Plaintiff's retaliation claim has no merit and shall be dismissed.

The court's dismissal of the Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. White is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 29th day of April, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**